IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER TRIPLETT, | ) | CASE NO. 1:13 CV 1285 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TERRY TIBBALS, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    A.    Background facts, trials, and sentence . . . . . . . . . . . . . . . . . . . . . . . . . -3-
        1.    Triplett I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
        2.    Triplett II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
        1.    Ohio court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
        2.    The Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . -7-
    C.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
        1.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
        2.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-
        1.    Grounds one (erroneous giving of an instruction on use of deadly force in a self-defense situation), two (failure to instruct on lesser included offense), and four (error in trial court instruction on use of prior convictions) should be dismissed as non-cognizable state law claims.
            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-
            a.    Ground one . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-
            b.    Ground two . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
            c.    Ground four . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-
        2.    Ground three – speedy trial . . . . . . . . . . . . . . . . . . . . . . . . . . -21-
            a.    Federal standard for a claim of a speedy trial violation . -21-

        b.      State court adjudication . . . . . . . . . . . . . . . . . . . . . . . . . .   -22-
        c.      Discussion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -23-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   -25-

## Introduction

Before me by referral[1] is the *pro se* petition of Walter Triplett for a writ of habeas corpus under 28 U.S.C.§ 2254.[2] Triplett is incarcerated by the State of Ohio at the Mansfield Correctional Institution.[3] He is serving a 20-year sentence imposed in 2011 by the Cuyahoga County Common Pleas Court after his conviction at a jury trial on charges of involuntary manslaughter and felonious assault, with repeat violent offender specifications.[4] Triplett raises four grounds for relief in his petition.[5] In its return of the writ, the State maintains that two ground should be dismissed as non-cognizable state law claims, and two grounds should be denied on the merits after AEDPA review.[6] Triplett has filed a traverse.[7]

For the reasons that follow, I will recommend that Triplett's petition be dismissed in part and denied in part.

_____

[1] ECF # 5.

[2] ECF # 1.

[3] *Id.* at1.

[4] *Id.*

[5] *Id.* at 6, 8, 9, 11.

[6] ECF # 9 at 21, 27, 32, 37.

[7] ECF # 13.

# Facts

## A.    Background facts, trials, and sentence

The background facts of this case were found by the Ohio appeals court on its review of the record.[8]

Essentially, in 2009, Triplett, who is black, was in a downtown Cleveland bar called the Barley House with a group that included his sister when an altercation developed between them and some white males.[9] Triplett's party then left the bar, followed by the white males, and another confrontation between both groups occurred on the street.[10] In that situation, one of the white males made "an aggressive move" toward Triplett's sister, who was then standing in front of Michael Corrado, one of the white men from the Barley House.[11] Corrado, however, was not the person who had threatened Triplett's sister.[12] Nevertheless, Triplett attacked Corrado, delivering a single, violent punch to his head that fractured his facial bones, lifted him off his feet, and knocked him backward into a concrete curb, where he struck the back of his head and died.[13]

---

[8] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] ECF # 10 (state court record), at 342.

[10] *Id.*

[11] *Id.*

[12] *Id.*, at 343.

[13] *Id.*

### 1.    *Triplett I*

Triplett was indicted in October, 2009, on charges of involuntary manslaughter and felonious assault, each with a repeat violent offender specification and notice of prior conviction.[14] A jury found Triplett guilty of felonious assault but could not reach a verdict regarding the charge of involuntary manslaughter.[15] The trial court then entered a judgment of guilty on the felonious assault verdict, with notice of prior conviction and the repeat violent offender specification; and sentenced him to an aggregate sentence of 18 years in prison.[16]

Triplett appealed, and the Ohio appeals court ultimately remanded the matter for a new trial.[17] That decision was affirmed when the Ohio Supreme Court denied the State leave to appeal.[18] There was no further appeal from that decision, and the matter was returned to the trial court.

### 2.    *Triplett II*

In September, 2011, Triplett was re-indicted on charges of involuntary manslaughter and felonious assault, each with notice of a prior conviction and a repeat violent offender

---

[14] *Id.*, at 8.

[15] *Id.*, at 20, 22. The charge was later dismissed without prejudice as being an allied offense. *Id.*, at 23.

[16] *Id.*, at 21.

[17] *Id.*, at 24, 139, 141.

[18] *Id.*, at 194.

specification.[19] After various pre-trial motions,[20] the matter was tried to a jury, which found Triplett guilty on both charges, while the trial court found him guilty of the specifications.[21] On October 26, 2011, he was sentenced to an aggregate term of 20 years in prison for that conviction.[22]

## B.    Direct appeal

### 1.    *Ohio court of appeals*

On November 1, 2011, Triplett, through new counsel,[23] timely appealed[24] his conviction and sentence.[25] In his brief,[26] Triplett raised the following ten assignments of error:

---

[19] *Id.*, at 204.

[20] *Id.*, at 213, 221.

[21] *Id.*, at 241.

[22] *Id.*

[23] Paul Mancino represented Triplett at the second trial. *Id.* Rick Ferrara represented him in the appeal. *Id.* at 243.

[24] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). Because the present appeal was filed five days after entry of the conviction and sentence, it was timely.

[25] ECF # 10, at 243.

[26] *Id.*, at 249.

-5-

I.      DEFENDANT WAS DENIED DUE PROCESS OF LAW BY LAPSE OF HIS SPEEDY TRIAL TIME.

II.     THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT SUPPORT A CONVICTION FOR INVOLUNTARY MANSLAUGHTER OR FELONIOUS ASSAULT.

III.    INSUFFICIENT EVIDENCE SUPPORTED A CONVICTION FOR INVOLUNTARY MANSLAUGHTER OR FELONIOUS ASSAULT.

IV.     THE TRIAL COURT DENIED DEFENDANT DUE PROCESS OF LAW BY ISSUING INCOMPLETE AND CONFUSING JURY INSTRUCTIONS.

V.      THE TRIAL COURT ERRED BY ALLOWING TO THE STATE TO REPEATEDLY ELICIT EVIDENCE OF DEFENDANT'S STALE CONVICTIONS.

VI.     DEFENDANT WAS TWICE PLACED IN JEOPARDY BY MEANS OF SUCCESSIVE INDICTMENTS FOR INVOLUNTARY MANSLAUGHTER.

VII.    THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE STATUTORILY NECESSITATED FINDINGS BEFORE IMPOSING AN ENHANCED PENALTY FOR REPEAT VIOLENT OFFENDERS.

VIII.   THE TRIAL COURT ERRED IN FAILING TO INSTRUCT ON LESSER INCLUDED OFFENSES.

IX.     THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S BATSON CHALLENGE.

X.      THE STATE COMMITTED PROSECUTORIAL MISCONDUCT BY MAKING STATEMENTS NOT SUPPORTED BY THE LAW OF THE FACTS DURING CLOSING ARGUMENTS.[27]

---

[27] *Id.*, at 250-51.

The State filed a brief in response,[28] and then, on August 23, 2012, the Ohio appeals court overruled all the assignments of error, affirming the judgment of the trial court.[29]

## 2.    *The Supreme Court of Ohio*

On October 9, 2012, Triplett, with the same counsel as had represented him in the Ohio appeals court, timely filed[30] a notice of appeal with the Supreme Court of Ohio.[31] In his memorandum in support of jurisdiction, Triplett raised the following four propositions of law:

> **PROPOSITION OF LAW NO. 1:** A criminal defendant's assertion of an affirmative defense does not obviate a trial court's duty to issue jury instructions on lesser included offenses.
>
> **PROPOSITION OF LAW NO. 2:** It is an abuse of discretion for a trial court to issue a "deadly force" instruction where facts reveal a single punch delivered to the victim, even if that punch was the proximate cause of death.
>
> **PROPOSITION OF LAW NO. 3:** It is a violation of a defendant's speedy trial rights for him to be imprisoned for four months prior to retrial, without a hearing, after winning an appeal.
>
> **PROPOSITION OF LAW NO. 4:** It is reversible error for a trial court to list stale, prior convictions in jury instructions.[32]

---

[28] *Id.*, at 296.

[29] *Id.*, at 332.

[30] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[31] ECF # 10, at 362.

[32] *Id.*, at 366-67.

After the State filed a memorandum opposing jurisdiction,[33] the Supreme Court of Ohio declined to accept jurisdiction on January 23, 2013.[34]

## C.    Federal habeas petition

On May 17, 2013,[35] Triplett, *pro se*, timely filed[36] the present petition for habeas relief.[37] In that petition, Triplett asserts the following four grounds for habeas relief:

**Ground One:** "I was denied due process of law when trial court issued erroneous deadly force jury instruction for self defense."

**Ground Two:** "Denied due process of law when trial court refused to instruction on lesser included offenses."

**Ground Three:** "I was denied speedy trial."

**Ground Four:** "I was denied due process of law when trial court gave a list of stale prior convictions in its jury instructions."[38]

---

[33] *Id.*, at 405.

[34] *Id.*, at 423.

[35] This is the date Triplett placed his petition in the prison mail system. ECF # 1 at 16. The matter was docketed in this Court on June 11, 2013.

[36] As the State notes (ECF # 9 at 13), the one-year limitations period did not begin here until 90 days after the Ohio Supreme Court declined to accept jurisdiction on January 23, 2013 – in other words, on April 24, 2013. Thus, the present petition, filed less than one month later, is timely.

[37] ECF # 1.

[38] *Id.* at 5, 7, 8,10.

As noted, the State filed a return of the writ, arguing that two grounds should be dismissed as non-cognizable state law claims and that two claims should be denied on the merits after AEDPA review.[39] Triplett filed a traverse.[40]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.     There is no dispute that Triplett is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Triplett meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[41]

2.     There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[42]

3.     In addition, my own review of the docket in this Court confirms that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[43]

4.     Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[44]

---

[39] ECF # 10.

[40] ECF # 13.

[41] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[42] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[43] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[44] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

5.      Finally, Triplett is not represented by counsel, nor has he requested the appointment of counsel.[45] Further, he has not requested an evidentiary hearing to develop the factual bases of his claims.[46]

## B.      Standards of review

### 1.      *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[47] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[48] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[49]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[50] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[51] Specifically, such violations are restricted to offenses

---

[45] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[46] 28 U.S.C. § 2254(e)(2).

[47] 28 U.S.C. § 2254(a).

[48] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[49] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[50] *Estelle*, 502 U.S. at 67-68.

[51] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

-10-

against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[52]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[53] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[54] and may not second-guess a state court's interpretation of its own procedural rules.[55] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[56] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[57]

## 2.    AEDPA review

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly

---

[52] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[53] *Id.*

[54] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[55] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[56] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[57] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[58]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[59] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[60] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[61]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law

---

[58] 28 U.S.C. § 2254(d).

[59] *Williams v. Taylor*, 529 U.S. 362 (2000).

[60] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[61] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

erroneously or incorrectly."[62] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[63]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[64] and "highly deferential" to the decision of the state court.[65] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[66] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[67]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[68]

---

[62] *Williams*, 529 U.S. at 411.

[63] *Id.* at 409.

[64] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[65] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[66] *Richter*, 131 S. Ct. at 786.

[67] *Id.* at 786-87.

[68] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[69] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[70] In such circumstances, the federal habeas court must give deference to the decision of the state court.[71]

**C.    Application of standards**

*1.    Grounds one (erroneous giving of an instruction on use of deadly force in a self-defense situation), two (failure to instruct on lesser included offense), and four (error in trial court instruction on use of prior convictions) should be dismissed as non-cognizable state law claims.*

*a.    Ground one*

In ground one, Triplett contends that he was denied due process when the trial court instructed the jury on the use of deadly force in a self-defense situation. The basis for Triplett's argument is that the appeals court in *Triplett I* had concluded that such an instruction was not warranted and so the trial judge in the re-trial should not have issued a jury instruction that had been proscribed by the decision in the first appeal. The appeals court in *Triplett II* acknowledged that it had ruled in the first appeal that a deadly force instruction

---

[69] *Richter*, 131 S. Ct. at 784-85.

[70] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[71] *Brown*, 656 F.3d at 329.

-14-

was not warranted given the evidence presented at trial but found that this decision did not preclude the giving of such an instruction at the re-trial where new evidence made such an instruction appropriate.[72]

Here, the trial court instructed the jury on both the use of deadly force and non-deadly force in a self-defense situation, telling the jury that "the amount of force that the defendant was justified in using depends on what type of danger the defendant reasonably and honestly believed that [his sister] was facing as a result of the actions of [the victim]."[73] The court told the jury that because Triplett had no greater right to use force than did his sister, if the jury found that he used more force than was reasonably necessary, or used force that was "greatly disproportionate" to the danger facing his sister, the claim of self-defense of another was then not available to Triplett.[74]

The State here maintains that the Ohio court's decision should result in the denial of this claim on the merits because that decision was not contrary to, or an unreasonable application of, clearly established federal law.[75] But the State's basis for that claim lies entirely in an analysis of Ohio law and in the facts of this case. Specifically, the State points to the fact that in the re-trial Triplett made a case for the use of non-deadly force in defense of his sister, while the prosecution presented evidence, in the form of the coroner's testimony

---

[72] ECF # 10, at 360.

[73] *Id.* at 1784-85.

[74] *Id.*

[75] ECF # 9 at 27.

not introduced in the first trial, that the force actually used was deadly force. Thus, as the state appeals court noted, and as the State argues here, with evidence supporting two theories before the jury, the jury would need to be instructed on both deadly force and non-deadly force in self-defense of another, so that it could reach a decision in this case.[76]

The clearly established law on jury instructions holds that purported errors in jury instructions do not rise to the level of a federal constitutional violation unless the instruction so infected the entire trial that the resulting conviction violates due process.[77] But here the issue is whether, with two competing theories of the level of force used presented at trial, and a mandate under Ohio law for the giving of instructions where the evidence at trial warrants such instructions, the trial court  abused its discretion[78] in giving an instruction on deadly force, as well as an instruction on the use of non-deadly force. As such, this is a non-cognizable matter of Ohio law and not a federal constitutional issue.

Thus, although the State argues this claim should be denied on the merits, this ground for relief should be dismissed as non-cognizable.

b.      *Ground two*

The Sixth Circuit has long held that the Supreme Court does not require the giving of jury instructions on lesser included offenses in non-capital cases. In particular, the Sixth

---

[76] *Id.*

[77] *Estelle*, 502 U.S. at 71-72.

[78] Triplett himself expressly acknowledges that this was a matter committed to the discretion of the trial judge. ECF # 1, Attachment at 7.

-16-

Circuit has consistently interpreted the Supreme Court's statement in *Beck v. Alabama*, where the Court declined to address the question of whether the Constitution requires lesser included offense instructions in non-capital cases[79] as meaning that no such requirement exists.[80] Essentially, the Sixth Circuit understands the teaching of the Supreme Court to be that failure to give a lesser included offense instruction in a non-capital case is "not such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."[81] Although *Bagby v. Sowders* leaves open the possibility that the failure to give such an instruction might amount to a fundamental miscarriage of justice when that failure resulted in the conviction of an innocent person,[82] it recognized that such situations would be rare and fact-specific.[83]

In addition, shortly after *Bagby* was decided, the Supreme Court decided *Estelle v. McGuire*, which, as noted above, teaches that an allegedly incorrect jury instruction under state law will not be the basis for federal habeas relief unless that purportedly erroneous instruction so infected the entire trial that the resulting conviction violates due process.[84] Although, as the State observes, *Estelle* deals with allegedly incorrect instructions, and not

---

[79] *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980).

[80] *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990)).

[81] *Bagby*, 894 F.2d at 797.

[82] *Id.* at 795.

[83] *Id.*

[84] *Estelle*, 502 U.S. at 71-72.

the failure to give instruction as was the case in *Bagby*, both support the basic rule that errors in jury instructions are matters of state law and not cognizable in a federal habeas court unless they infect the entire trial or amount to a fundamental miscarriage of justice.

Here, as the state appeals court noted, Ohio law only requires the giving of a lesser included offense instruction if the evidence at trial, viewed in the light most favorable to the defendant, would support acquittal on the crime charged and conviction on the lesser included offense.[85] The appeals court found that the trial court did not abuse its discretion in not giving an instruction on reckless homicide, which requires that the accused acted with "heedless indifference" to a known risk, since that standard would have been contrary to the evidence at trial, where Triplett's defense was that he acted proportionately to the situation in defending his sister.[86]

Triplett has not shown that the failure to give a lesser included offense instruction here resulted in a rare fundamental miscarriage of justice. Indeed, as noted above, the matter here involves simply the state law question of whether the trial court abused its discretion under the circumstances; a question the Ohio appeals court addressed and resolved by pointing out that the evidence at trial – and Triplett's own defense strategy – would not support the giving of the instruction that was premised on him being found to have been reckless.

Thus, ground two should be dismissed as a non-cognizable state law claim.

---

[85] ECF # 10, at 360-61.

[86] *Id.*

-18-

c.    *Ground four*

In ground four, Triplett argues that he was denied due process when the trial judge gave a jury instruction permitting the jury to consider his prior convictions. The Ohio appeals court, in addressing the matter, observed that under Ohio law, trial judges have the discretion to permit juries to consider prior convictions and that the manner by which those convictions are described to the jury is also committed to the discretion of the trial court.[87] The appeals court found that the trial judge here acted consistently with 2 Ohio Jury Instructions, § 401.25 (2011) when it instructed the jury as to the case number, the date of conviction, and name of the offense of each of Triplett's prior convictions, and then cautioned them that this information was to be considered only for the limited purpose of evaluating Triplett's credibility and not to prove Triplett's character or to show that Triplett had acted in conformity with that character.[88] The appeals court found that since Ohio law affords the trial court discretion to give such an instruction, and in light of the instruction actually given here, it could not find any abuse of discretion by the trial judge.

The Sixth Circuit clearly teaches that a claim of abuse of discretion by a state trial judge does not state a constitutional violation giving rise to federal habeas relief.[89] Moreover, a federal habeas court may not issue the writ on the basis of a perceived error of state law.[90]

---

[87] *Id.*, at 360.

[88] *Id.*

[89] *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001).

[90] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

-19-

Indeed, because the Sixth Circuit has long held that federal courts do not function as an additional state appeals court in regards to decisions of state courts on matters of state law or procedure,[91] a habeas petitioner may obtain relief for an alleged violation of state law only when that error resulted in the denial of fundamental fairness.[92] Further, the Supreme Court has defined "very narrowly" the category of claims that violate "fundamental fairness."[93]

The Ohio appeals court found that there was no abuse of discretion by the trial judge here in giving an instruction in conformity with Ohio's rules on jury instruction. As such, the appeals court was acting within the broad authority of states over trial procedures.[94] Moreover, it is the petitioner, not the State, who has the burden of showing how Ohio's jury instruction rule specifically contradicts Supreme Court precedent and violates "some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."[95]

Triplett has made no such showing. His attempt in his brief in support to cite cases involving federal district court's application of other acts evidence in federal trials[96] is inapposite. As the Sixth Circuit makes plain in *Bey v. Bagley*, it is Triplett who must point

---

[91] *Lewis*, 497 U.S. at 780.

[92] *Estelle*, 502 U.S. at 67-68; *Lewis*, 497 U.S. at 780.

[93] *Bey*, 500 F.3d at 522 (internal quotation omitted).

[94] *Id.* at 521.

[95] *Id.* (internal quotation omitted).

[96] ECF # 1, Attachment at 13-14.

to a controlling Supreme Court precedent that clearly shows that Ohio's rule on jury instructions on prior convictions violates due process, or conclusively show that, in the circumstances of his case, the instruction violated fundamental fairness as that term has been understood by the Supreme Court. Because Triplett has not shown that the instruction here violates fundamental fairness, or that it is specifically condemned by the Supreme Court, the issue remains simply a matter of state law which is non-cognizable in a federal habeas court.

Thus, ground four should be dismissed.

**2.      Ground three – speedy trial**

a.      *Federal standard for a claim of a speedy trial violation*

In this claim, Triplett contends that his re-trial did not commence within the time required by Ohio's speedy trial statute and by the federal constitution.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to a speedy trial.[97] The Sixth Amendment speedy trial guarantee is applicable to the states through the due process clause of the Fourteenth Amendment.[98] The United States Supreme Court has established a balancing test in which four factors must be weighed in evaluating whether the right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.[99]

---

[97] U.S. Const. Amend. VI.

[98] *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967).

[99] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The length of the delay for speedy trial purposes is measured from the earlier of the date of the indictment or the date of the arrest.[100] The delay must be presumptively prejudicial before the court need inquire into the other factors that go into the balance.[101] Whether the delay is presumptively prejudicial is determined by the nature and complexity of the crime. [102] The more serious the crime, the shorter the toleration of delay.[103]

The fourth and final factor of the *Barker v. Wingo* balancing test requires the court to determine the amount of prejudice that the defendant suffered. Prejudice must be assessed in view of the interests a speedy trial is designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired.[104] The third interest is the most important.[105]

b.    *State court adjudication*

The state appeals court denied this speedy trial claim in *Triplett II*'s direct appeal judgment, finding that Ohio's speedy trial statute did not apply to re-trials following an appeal, and that the delay between the direct appeal judgment in *Triplett I* to the retrial in *Triplett II* was nonetheless "reasonable":

---

[100] *Cain v. Smith*, 686 F.2d 374, 381 (6th Cir. 1982).

[101] *Barker*, 407 U.S. at 530.

[102] *Redd v. Sowders*, 809 F.2d 1266, 1269 (6th Cir. 1987).

[103] *Id.*

[104] *Barker*, 407 U.S. at 532.

[105] *Id.*

[*P10]  As he did in his previous appeal, Triplett claims his second trial in this case did not commence within the time limitations set by R.C. 2945.71. He asserts that he "sat in prison" from the date of his "appellate victory" in the first appeal on March 1, 2011 to the time his second trial commenced on October 11, 2011, and that this time counted in addition to the time expended before his first trial commenced.

[*P11]  Triplett raised a speedy trial issue in his prior appeal, and this court found that his failure to raise the speedy trial issue in the trial court precluded any consideration of it on appeal. *Triplett I*, ¶ 6. Although he presented the issue to the trial court in his retrial, the **speedy trial provisions of R.C. 2945.71 do not apply to retrials following an appeal**. *State v. Fanning*, 1 Ohio St.3d 19, 1 Ohio B. 57, 437 N.E.2d 583 (1982); *State v. Hull*, 110 Ohio St.3d 183, 2006 Ohio 4252, 852 N.E.2d 706, paragraph one of the syllabus. Because Triplett's retrial commenced on the exact date that his defense counsel became available, **his retrial took place within a reasonable time**. *Id.*, paragraph two of the syllabus.

[*P12]  Triplett's first assignment of error is overruled.  (Bold added.)[106]

c.    *Discussion*

Triplett asserted the due process violation in this claim as a federal claim by his reliance on *State v. Broughton*,[107] an Ohio case which analyzed a speedy trial claim under the due process standard contained in *Barker*.[108]

The "reasonableness" determination in the delay by the state appeals court in *Triplett II*, though not based on any particular cited legal authority by the appeals court, is derived directly from the Fourteenth Amendment due process "presumptively prejudicial"

---

[106] ECF # 10, at 356.

[107] *State v. Broughton*, 62 Ohio St. 3d 253, 581 N.E.2d 541 (1991).

[108] *Barker*, 407 U.S. 514; ECF # 10 at 262.

standard contained in *Barker*.[109] Considering that the state appeals court did cite to Ohio cases that applied *Barker* and held that, in cases involving retrials, the Ohio speedy trial statute[110] did not apply and that the standard to be applied is basic reasonableness under federal and state constitutions, there can be little doubt that the state appeals court in *Triplett II* was recognized and addressed the speedy trial claim applying *Barker*'s "presumptively prejudicial" standard.

Thus, the state appellate court noted, it is well established in Ohio that the statutory speedy trial provisions of Ohio Revised Code § 2945.71 are not applicable to retrials. Accordingly, the triple count period of 405 days sought by Triplett is unfounded under Ohio law. Additionally, the appellate court found that the relatively short delay between the time of the judgment in *Triplett I* to the time of retrial, occasioned by the unavailability of defense counsel, was not prejudicial to Triplett. In this regard, the state court's factual findings as to the cause of pretrial delay are entitled to the presumption of correctness in federal habeas proceedings involving a speedy trial claim, unless the petitioner can offer clear and convincing evidence to the contrary, which Triplett has not done.

Therefore, I recommend finding that Triplett has not demonstrated that the state court decision was contrary to, or involved an unreasonable application of, clearly established

---

[109] *Barker*, 407 U.S. at 530-31.

[110] Ohio Rev. Code § 2945.71.

federal law as determined by the Supreme Court of the United States.[111] As a result, Triplett's claim is without merit, and ground three should be denied.

## Conclusion

For the reasons stated, I recommend that the *pro se* petition of Walter Triplett for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above.

Dated: January 9, 2015                          s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[112]

---

[111] *Carey v. Musladin*, 549 U.S. 70 (2006); *Maples v. Stegall*, 427 F.3d 1020, 1030 (6th Cir. 2005) ("In the Sixth Circuit, no presumption [of prejudice] has been found where delay due to governmental fault is considerably less than that in *Graham*, *i.e.*, 8 years, or in *Brown*, *i.e.*, 5-1/2 years, or where the government can persuasively rebut the presumption by showing that the delay did not impair the defendant's defense.").

[112] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).